## Rose Ann Spencer *vs.* St. Paul & Sioux City Railroad Company.

### May 31, 1875.

**Trespass—Evidence of Special Damage.**—In an action of wilful trespass against defendant for constructing and operating its railroad across a village lot of plaintiff, whereon was a house, in which she resided, testimony tending to show the effect upon the use of the house, and the discomfort and annoyance to the plaintiff by reason thereof, is competent, no question being raised as to the sufficiency of the averments in the complaint.

**Married Women—Separate Estate.**—As respects the statutory separate estate of a married woman, she has the same absolute right to the use and enjoyment thereof as a *feme sole;* and to the extent necessary to the full exercise and protection of such right, she must be regarded as having a separate legal existence, distinct from her husband, and wholly unaffected by her marriage relation.

Same—Action for Injury to Separate Property.—The mere residence together of husband and wife upon the real estate of the latter, unaccompanied by any adverse claim on his part, will not preclude her from maintaining an action in her own name for trespass committed thereon.

Practice—Exception to Charge.—An objection to a judge's charge, to be available as ground of error, must be first made and ruled upon in the trial court.

Practice—New Trial.—An objection of excessive damages, or insufficiency of the evidence to support the verdict, will not be entertained in this court unless first made and decided in the district court, and properly brought here for review.

This, like the next following case, was an action to recover damages from defendant for maliciously operating its railroad on a street in Shakopee, between the centre thereof and plaintiff's adjacent lots, on which she resided. The complaint, after alleging plaintiff's ownership of the lots and her residence thereon, the defendant's incorporation, and its authority under its charter to acquire the right of way for its railroad over plaintiff's said lots, and its neglect to take any steps to obtain such right of way, proceeds as follows :

" That on said 17th day of October, 1873, the said defendant, well knowing all the facts hereinbefore stated, and without any right or authority therefor, did then and there, by its agents and servants, break and enter the plaintiff's said premises, and with its cars, engines and machinery ran over, and operated the said railroad over and across, the plaintiff's said premises to the number of ten times on said day, and then and there blew off steam, smoke, sparks and cinders from its said engines upon and over the plaintiff's said premises, and then and there caused great noise and confusion by the movements of said engines, cars and machinery, and by the ringing of bells and screaming of steam whistles, and that the defendant has, (well knowing all the facts hereinbefore specified,) without any right or authority, as aforesaid, continued and repeated each and all of said acts upon every day since the said 17th day of October, A. D. 1873, and at least ten times upon each of

said days, (Sundays sometimes excepted,) up to and including the 1st day of May, 1874. All of which said acts so complained of were so done by the defendant wilfully and maliciously, and with the sole intent to injure, harass and oppress the plaintiff, whereby the plaintiff has been greatly damaged," etc. The answer consisted of a general denial, and a plea of license from plaintiff.

At the trial in the district court for Scott county, before *Crosby,* J., (sitting for the judge of the eighth district,) the plaintiff had a verdict for $200.00, on which judgment was entered, and defendant appealed. The exceptions are stated in the opinion.

*John L. Macdonald,* for appellant.

*Brown & Peck,* for respondent.

CORNELL, J. On the trial in the district court the plaintiff was permitted, against the objection of the defendant, to enquire of one of the witnesses, " What was the effect of running engines over the road in front of the house *on the premises,* so far as steam, smoke and sparks were concerned?" And also, "Whether the operation of the road *there* had any effect upon the use of the house?" These rulings, properly excepted to, are alleged as error by defendant.

When, as in this case, no question is made upon the insufficiency of the averments in the complaint, the rule is well settled that acts and circumstances accompanying and characterizing the alleged trespass, and their natural, proximate results, may be shown by competent evidence ; so, too, improper conduct of the wrong-doer, as constituting part of the injury. And if, while an actual trespasser in plaintiff's close, he there commits any other acts or trespass against the plaintiff, such acts and their consequences may, if properly alleged, be proved as matters in aggravation of the injury. 2 Greenl. Ev. §§ 268, 272, 273. Under these rules the testimony offered was clearly admissible.

At the close of plaintiff's testimony defendant moved for

a nonsuit or dismissal of the action.   This was denied,. and defendant excepted.   It is admitted that plaintiff was a. resident owner upon the premises in question; yet, because her husband and their children also resided with her there at the same time, it is claimed that he, and not the plaintiff, had the exclusive actual possession of them by virtue of his marital rights as head of the family.

By the statute law of this state it is expressly declared that " any married woman may, during coverture, receive, take, hold, use and enjoy property of any and every description, and the rents, issues and profits thereof, and all avails of her contracts and industry, free from the control of her husband, and from any liability on account of his debts, as *fully as if she was unmarried;* " and that " all property—real, personal and mixed—owned by any married woman, or owned or held by any woman at the time of her marriage, shall continue to be her separate property, notwithstanding such marriage." Laws 1869, ch. 56, § 1.   Obviously, the effect of this statute is to confer upon a married woman the same absolute rights in respect to the use and enjoyment of her statutory separate property as belong to a *feme sole,* and, to the extent necessary to the full exercise and protection of such rights, she must be regarded as having a separate legal existence, distinct from and independent of her husband, and wholly unaffected by her marriage relation.   These rights are not, in terms, or by any fair implication, made dependent upon the fact of her residence, either with, or separate and apart from, her husband.   It follows that their mere cohabitation upon her separate real estate, unaccompanied by any adverse claim on his part, raises no presumption against her actual possession founded upon her residence and occupancy under lawful title.   Plaintiff's possession in this case was sufficient to enable her to maintain the action, and defendant's motion was properly denied.

The defendant asked the court to charge the jury as fol-

lows : " That if it appear from the evidence that plaintiff is the wife, and was a member of the family, of the witness, Spier Spencer, during the time of the commission of the acts complained of, then they are not to consider and allow any damages for annoyance caused by defendant's railroad or trains to her or the family of said Spier Spencer, as, in such case, she is not the proper party plaintiff." This was refused, and defendant excepted. If this request had been confined to damages sustained by the family of Spier Spencer, exclusive of his wife, a refusal to give it might properly have been assigned for error; but embracing, as it does, the separate injuries sustained by the plaintiff, it was properly refused. The action was for an injury occasioned by a trespass upon plaintiff's real property, and clearly she was the proper party to bring it, and any annoyance done to her by defendant while committing such trespass was matter in aggravation, peculiarly within the province of the jury to weigh and consider.

It is claimed by the defendant in this court that error was committed by the court below in its charge to the jury upon the question of malice, and that the damages found by the verdict are excessive. No part of the charge in respect to the matter complained of seems to have been excepted to by the defendant at the trial, and hence no error can be predicated thereon in this court. Assuming the damages to have been excessive, (about which no opinion is expressed,) the proper remedy of the defendant was a motion to the district court to set aside the verdict, and for a new trial on that ground. This court, in the exercise of its appellate jurisdiction, will not, in the first instance, entertain a question of this character. It can only be done upon the refusal of an application in the district court, properly brought here for review. *Kelly* v. *Rogers*, 21 Minn. 146. The more favorable opportunities enjoyed by that court for observing the manner and appearance of the witnesses, and the surrounding influences of the trial likely to affect the

deliberations of the jury, furnish adequate reasons for an adherence to this salutary rule.

Judgment affirmed.