LOUISE GILLESPIE v. JAMES W. GILLESPIE and Another.[1]

May 11, 1896.

Nos. 9968—(128).

**Married Women—Right to Sue Husband.**

   The effect of G. S. 1894, § 5530, is to preserve the separate legal existence
of a married woman in respect to all her rights of person and property,
and, to the extent necessary to the full exercise and protection of these
rights, to give her in her own name all the remedies in the courts which
she would have if unmarried. Hence she may sue her husband in her own
name, in any form of action, to enforce any right affecting her property, the
same as if he were a stranger.

   Action in the district court for Hennepin county by Louise Gil-
lespie against James W. Gillespie, her husband, and the Farmers'
& Mechanics' Savings Bank of Minneapolis, for conversion of $775,
alleged to have been deposited by defendant Gillespie in said bank.
Defendant Gillespie demurred to the complaint, on the ground
that the court had no jurisdiction of defendant or the subject of
the action; that plaintiff had no legal capacity to sue; that there
was a defect of parties; and that the complaint did not state facts
sufficient to constitute a cause of action.   From an order, Elliott,
J., overruling the demurrer, defendant Gillespie appealed.   Af-
firmed.

[3] See Laws 1883, p. 2;  Const. art. 4, § 33.       [1] Reported in 67 N. W. 20.

*G. Ellis Tuttle,* for appellant.

At common law the only remedy a married woman had as against her husband was in equity. Porter v. Bank of Rutland, 19 Vt. 410; Barton v. Barton, 32 Md. 214. If a married woman can maintain a legal action against her husband during coverture, in this state, it must be by statutory right, and such right must be given expressly or by necessary implication. Sutherland, St. Const. § 327; Wilberforce, Stat. 190; Smith v. Gorman, 41 Me. 405; Abbott v. Abbott, 67 Me. 304; Libby v. Berry, 74 Me. 286. Notwithstanding the statute, a married woman cannot sue her husband at law. Trieber v. Stover, 30 Ark. 727; 2 Bright, Husb. & W. 224, § 13; Gage v. Dauchy, 34 N. Y. 293; White v. Wager, 25 N. Y. 328. The allegations of the complaint are not sufficient, since in an action arising under a statute plaintiff must state specifically every fact required by the statute to ground the action. Jordan v. Cummings, 43 N. H. 134; Ridgeley v. Crandall, 4 Md. 435; Smith v. Bank of New England, 45 Conn. 416; Pickering v. De Rochement, 45 N. H. 67; Dutton v. Rice, 53 N. H. 496.

*Wm. H. Donahue,* for respondent.

Rich v. Rich, 12 Minn. 369 (468); Chadbourn v. Williams, 45 Minn. 294, 47 N. W. 812; Mason v. Mason, 66 Hun, 386, 21 N. Y. Supp. 306; Wood v. Wood, 83 N. Y. 575; Ryerson v. Ryerson, 55 Hun, 191, 611, 8 N. Y. Supp. 738; Taylor v. Slater, 18 R. I. 797, 31 Atl. 165; Skinner v. Skinner, 38 Neb. 756, 57 N. W. 534.

MITCHELL, J. G. S. 1894, § 5530, provides that "women shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her rights, as a woman, which her husband does, as a man; and for any injury sustained to her reputation, person, property, character, or any natural right, she shall have the same right to appeal in her own name alone to the courts of law and equity, for redress and protection, that her husband has to appear in his name alone." Section 5531 provides that "all property, real, personal and mixed and choses in action owned by any married woman, or owned or held by any woman at the time of her marriage shall continue to be her separate property notwithstanding such marriage. * * *"

The obvious intent and effect of these statutory provisions is to preserve the separate legal existence of a married woman in respect to all her rights of person and property, and, to the extent necessary to the full exercise and protection of these rights, to give her in her own name all the remedies in the courts which she would have if unmarried. In Spencer v. St. Paul & S. C. R. Co., 22 Minn. 29, we held that this was the effect of section 5531 (Laws 1869, c. 56), as respects her separate property. Section 5530 (Laws 1887, c. 207) extends this rule to all rights, of both person and property, and expressly gives her (what was implied in the previous statute) the same remedies in the courts for the protection of these rights which she would have if unmarried. The clearly-declared policy of the statute in respect to the relation of husband and wife is that the latter can, in her own name and in any form of action, sue the former to enforce any right affecting her property, the same as if he were a stranger. As said in Spencer v. St. Paul & S. C. R. Co., supra,[2] these rights are not in terms or by any fair implication made dependent (as defendant claims) upon the fact of her residence either with, or separate and apart from, her husband. To hold, as contended by defendant, that she may only maintain an action in equity (which she could always do, by a trustee or her next friend, in respect to her separate estate), would be to disregard not only the obvious spirit, but also the express language, of the statute, which declares that she shall have the right to appeal to the courts of law and equity for redress.

Order affirmed.