## CARROLL S. FAUNCE v. SCOTT SEARLES and Another.[1]

July 3, 1913.

Nos. 18,180—(108).

**Interference with contract relations a tort.**

1. The malicious interference with the contract relations of others, causing a breach of the contract by one of the parties, is a tort.

[1] Reported in 142 N. W. 816.

Note.—On the question of the right of action for damages for inducing breach of contract, see notes in 16 L.R.A.(N.S.) 746 and 28 L.R.A.(N.S.) 615. And

**Verdict sustained by evidence.**

2. The evidence is sufficient to justify the finding of the jury that the defendants maliciously procured the discharge of the plaintiff as superintendent of schools, while he and the school district were under a valid contract, and that they were joint tort-feasors.

**Omission to charge.**

3. The omission of the court to charge the jury upon the good faith of the defendants, and the effect which the fact that one was a member of the school board, and the other a patron of the schools, and both interested in their welfare, might have, is *held* not error, no request to charge having been made, and the attention of the court not having been called to the omission.

**Language of court to counsel.**

4. Certain language addressed by the court to one of counsel for the defendants *held* not to be such as to require a new trial upon the ground that it was prejudicial.

**Reduction of verdict favorable to appellants.**

5. The reduction of a verdict from $5,750 to $2,500, conditioned upon the granting of a new trial, is sustained on the appeal of the defendants upon the ground that, upon the facts of the case, the error of so great a reduction was in favor of the defendants.

Action in the district court for Jackson county against Scott Searles and Henry A. Rhodes to recover $10,000 for maliciously procuring the board of education of a certain school district to annul its contract with plaintiff. The case was tried before Quinn, J., who at the close of plaintiff's case denied defendants' motions to dismiss the action and at the close of the trial defendants' motions for a directed verdict in their favor. The jury returned a verdict for $5,750 in favor of plaintiff. Defendants' motions for judgment in their favor notwithstanding the verdict were denied and their motion for a new trial was granted, unless plaintiff consented to a reduction of the verdict to $2,500. Plaintiff consented. From the order denying

for the effect of malice on liability for causing breach of contract, see note in 62 L.R.A. 678. And as to the liability of a third party for inducing breach, generally, see note in 21 L.R.A. 233.

As to tort for negligent breach of contract between private parties, see note in 12 L.R.A. (N.S.) 924.

their motion for judgment notwithstanding the verdict and granting a new trial, unless plaintiff consented to a reduction of the verdict, defendants appealed. Affirmed.

*Knox & Faber* and *Putnam & Carlson,* for appellants.

*Wilson Borst* and *J. A. Mansfield,* for respondent.

DIBELL, C.

This action was brought by the plaintiff against the defendants to recover damages for wrongfully and maliciously procuring a school district to break its contract with him. The jury returned a verdict in favor of the plaintiff for $5,750. The defendants made an alternative motion for judgment or for a new trial. The court denied the motion for judgment, but granted the motion for a new trial, unless the plaintiff remitted all of the verdict in excess of $2,500. He remitted. The defendants appeal from the order made on the alternative motion.

1. The malicious interference with the contract relations of others, resulting in a breach of the contract, constitutes a tort against the one injured. 1 Street, Found. Leg. Liab. 342–346; 2 Cooley, Torts, (3d ed.) 592–597; Joyce v. Great Northern Ry. Co. 100 Minn. 225, 110 N. W. 975, 8 L.R.A.(N.S.) 756; Walker v. Cronin, 107 Mass. 555; Hollenbeck v. Ristine, 114 Iowa, 358, 86 N. W. 377; Jones v. Stanly, 76 N. C. 355; Moran v. Dunphy, 177 Mass. 485, 59 N. E. 125, 52 L.R.A. 115, 83 Am. St. 289; Martens v. Reilly, 109 Wis. 464, 84 N. W. 840; Perkins v. Pendleton, 90 Me. 166, 38 Atl. 96, 60 Am. St. 252; Bixby v. Dunlap, 56 N. H. 456, 22 Am. Rep. 475; Morehouse v. Terrill, 111 Ill. App. 460; Raymond v. Yarrington, 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L.R.A. 962, 97 Am. St. 914; West Virginia v. Standard Oil, 50 W. Va. 611, 40 S. E. 591, 56 L.R.A. 804, 88 Am. St. 895; Heath v. American Book Co. 97 Fed. 533. If the two defendants, by concert of action, and with malice, procured the school board to break its contract with the plaintiff, they are liable as joint tort-feasors.

2. In February, 1911, the plaintiff was employed as superintendent of the schools of Lakefield, in Jackson county, for the school year of 1911–1912. On March 20, 1911, he entered into a written con-

tract with the school district. In August, 1911, the school board disavowed the contract and employed another in plaintiff's stead. The defendant Searles was a member of the school board. The defendant Rhodes was a resident of the school district and a patron of the school.

Plaintiff claims that the defendants, working in concert, and actuated by malice, induced the school board to break his contract.

The evidence is of considerable length. We do not attempt to summarize it. It is sufficient to say that the jury could justifiably find from it that the defendants and others acted in concert, and were actuated by malice, and that the result of the joint effort was the breach of the plaintiff's contract by the school board.

The evidence was not such as to require a finding that the defendants were jointly engaged in the commission of a malicious tort. It supports it. A finding the other way would be sustained. The school was somewhat demoralized. There was some trouble between the plaintiff and the teachers. The local community was taking part in the trouble. The jury might have concluded, but did not, that the defendants were working in the interest of the schools and bore no malice.

3. The court did not instruct the jury relative to the good faith of the defendants and the effect which they might give to the fact that one of them was an officer of the school board and the other a resident of the school district and a patron of the school, and therefore both legitimately interested in the welfare of the schools. It stated the claims of the defendants but did not charge upon them. The omission is regrettable. No request to charge was made, and the attention of the court was not called to the omission. We are constrained to hold that the omission was not error.

4. The court, when counsel for the defendants interrupted opposing counsel during his cross-examination, characterized his conduct as most contemptible, and not fair or right, and stated that he thought nobody knew it better than counsel himself. It does not seem that there was serious occasion for the rebuke. The trouble soon passed. It is claimed that the remarks of the court constitute prejudicial error. Counsel for the defendants argue their contention sincerely, and in a thoroughly dispassionate and dignified manner. We have con-

sidered the question carefully. The remarks perhaps were unfortunate. The atmosphere of the court room cannot be reproduced in the paper book, and we are unable to hold that the court's remarks constituted prejudicial error, nor do we attach so serious importance to them as do counsel. City of Minneapolis v. Canterbury, supra, page 301, 142 N. W. 812.

5. The verdict was for $5,750, and the court denied the motion for a new trial, upon condition that the plaintiff would consent that the verdict be reduced to $2,500, and he consented.

Ordinarily a reduction by such a percentage cannot be sustained. The improper considerations that influence the jury in returning a verdict so excessive are likely to affect the jury in their consideration of the question of liability.

The case is one where a jury might find very substantial damages, or might find slight damages. Those engaged in teaching are in a way under official surveillance of the department of public education, and the manner of the plaintiff's discharge lessened his opportunities for future employment and affected unfavorably his advancement. Perhaps the verdict in its full amount would have been sustained. It surely would have been sustained after a slight reduction. If the plaintiff had appealed from the conditional order, perhaps he would have prevailed. The order is sustained by holding that the verdict would have been sustained either at its full amount, or as reduced to a sum which would make ineffectual the argument that the improper considerations that induced so large an award affected the result upon the issue as to liability, and that the error of so great a reduction was in favor of the defendants. The case is not controlled by Johnson v. Great Northern Ry. Co. 107 Minn. 285, 119 N. W. 1061, or Goss v. Goss, 102 Minn. 346, 113 N. W. 690.

We have examined all the assignments of error. None of those not discussed require specific notice.

Order affirmed.