# CLARA S. TWITCHELL v. JAMES F. CUMMINGS.[1]

October 31, 1913.

Nos. 18,267—(76).

**Lease — action for forcible entry and unlawful detainer.**

1. An instrument in form a lease of lots for 10 years, with fixed sums and instalments to be paid as rent, but providing that the lessee shall excavate and remove earth to grade, and pay the lessor for earth removed at a stipulated price per yard, the fixed payments to be applied on such price, excess, if any, to be paid in cash; providing for a deduction for waste, providing for re-entry in case of default, and for quiet and peaceful possession and enjoyment until default, and providing against assignment or underletting, is a lease in substance as well as form, and in case of default of payment an action in forcible entry and unlawful detainer may be maintained thereon.

**Municipal court — jurisdiction.**

2. The municipal court of Minneapolis has no jurisdiction in any cause involving the title to real estate. The title to real estate is not involved in an action, unless the title is disputed and there is a real controversy in regard thereto. Proof that property leased by husband and wife is the property of the wife, where that fact is not controverted, does not involve the title to real estate and does not oust the jurisdiction of the municipal court.

**Action for forcible entry — parties to action.**

3. In an action for forcible entry and unlawful detainer brought by a married woman to recover possession of her own property, the husband is not a necessary party.

Action for forcible entry and unlawful detainer in the municipal court of Minneapolis to recover possession of the premises described in the complaint. Defendant's motion to dismiss the action was denied, C. L. Smith, J. The case was heard before Bardwell, J., who made findings and ordered judgment in favor of plaintiff. From the

1 Reported in 143 N. W. 785.

judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*A. E. Helmick,* for appellant.

*Belden & Safford,* for respondent.

HALLAM, J.

1. Defendant was in possession of land under a written contract. He was in default in making the payments called for by this contract. Plaintiff brought this action in forcible entry and unlawful detainer to recover possession. Plaintiff contends the contract is a lease. Defendant contends it is a contract of sale. If the instrument is a lease, this form of action will lie. If it is a sale, the action will not lie. We are of the opinion that the instrument is a lease. The parties themselves designated it a lease. It describes the parties as lessor and lessee. In terms, the parties of the first part "demise, lease and let" the premises to defendant for the term of 10 years, the "lessee," in terms, agrees to pay the "lessors * * * as rent" the sum of $700, and further payments of $300 per annum during the full term of the lease, and the sum of $25 monthly after the termination of another lease. The obligation to make all these payments is absolute. So far the instrument is in all its essentials a lease.

The instrument contains the further provisions that it is "the object and purpose of this lease that said lessee shall excavate and remove the earth from said lots to the grade of Superior avenue * * * shall pay said lessors for the earth so excavated the stipulated and agreed price of ten cents per cubic yard" and that "whenever earth, sand and gravel shall have been excavated in excess of amount paid for by above mentioned annual and monthly payments, such excess shall be measured and paid for in full at above named price of ten cents per cubic yard. It being the intention of the parties hereto that the above mentioned $700 payment shall stand as a deposit and advance payment to be applied in payment for the last 7,000 cubic yards of earth removed under the terms of this lease and as a guarantee for the full performance of said lessee's covenants and agreements hereunder." The instrument further pro-

vides for a deduction of four feet in depth as waste, such waste to be removed by the lessee. It provides that should the lessee fail "to make the above mentioned payments as herein specified, or to pay rent aforesaid when due, or fail to fulfil any of the covenants herein contained" the "lessor" may "re-enter and take possession of the above rented premises." Then follows a covenant by the lessee "not to assign this lease, or to underlet the above rented premises or any part thereof, without first obtaining the written consent of the said lessors," and the "lessors" covenant that the "lessee on paying the rent and performing the covenants aforesaid, shall and may peaceably and quietly have, hold and enjoy the said demised premises for the term aforesaid."

Some of these provisions are not ordinarily incident to the relation of landlord and tenant, but they are not inconsistent therewith. The parties to this instrument have indicated in the clearest possible manner an intention that the instrument shall be construed as a lease and as creating the relation of landlord and tenant. There is nothing in the nature of the instrument or its terms which forbids our giving effect to this intention, and we construe the instrument as a lease in substance as well as in form. The instrument is not essentially different from the so-called "mining leases" which have long been used in developing, working, and obtaining profits from mineral lands. These instruments have been held to be leases and not sales of property. State v. Evans, 99 Minn. 220, 226, 108 N. W. 958, 9 Ann. Cas. 520; Boeing v. Owsley, 122 Minn. 190, 142 N. W. 129. In the Evans case it was said to be "the rule established by the great weight of authority that such leases do not constitute a sale of any part of the land," and "that it was never a conception of the law that the man who took away the mineral got his title through a sale by the owner of the land; but the theory was that the mineral was the product of the use for which rent was paid, and that the tenant got his title to his mineral by an appropriate use of the demised premises." The same principles are applicable here. We hold the instrument in question to be a lease, and that an action in forcible entry and unlawful detainer may be maintained.

2. This action was commenced and tried in the municipal court

of Minneapolis. That court has no jurisdiction in any cause involving the title to real estate. Defendant contends that the title to this real estate is here involved. The lease is made by plaintiff and her husband, as parties of the first part. The lease does not state that they are husband and wife. Plaintiff claims to be the sole owner of the leased land, and that her husband joined in the lease because of the marriage relation and to bar his contingent interest. Defendant contends that the giving of judgment for plaintiff necessitated a determination that the husband had no title, and that this was beyond the jurisdiction of the municipal court. The contention is not well taken. The title to real estate is not involved, unless the title is disputed and there is a real controversy in regard thereto. Radley v. O'Leary, 36 Minn. 173, 30 N. W. 457; Herrick v. Newell, 49 Minn. 198, 51 N. W. 819. There is no such dispute or controversy here.

3. Plaintiff's husband was not a necessary party to the action. The rights of the plaintiff to maintain this action in her name alone are the same as if she were unmarried. R. L. 1905, § 4056; Spencer v. St. Paul & Sioux City R. Co. 22 Minn. 29; Wampach v. St. Paul & Sioux City R. Co. 22 Minn. 34; Gillespie v. Gillespie, 64 Minn. 381, 67 N. W. 206.

Judgment affirmed.