# CLARA S. TWITCHELL v. LEONARD NELSON and Others.[1]

Nos. 18,612—(149).

July 17, 1914.

**Tort — interference with another's contract — evidence.**

1. The wrongful interference with the contracts of others, causing the breach of a contract, is a tort; and in this case it is *held* that the evidence is sufficient to justify a finding of the jury that the defendants appearing in this appeal committed a tort in interfering with and causing a breach of a contract between the plaintiff and one of the defendants.

**Damages.**

2. The evidence was sufficient to justify a verdict for more than nominal damages.

September 10, 1914.

**Taxation of costs.**

3. When the prevailing party on an appeal serves the clerk with notice of taxation of costs and disbursements within 20 days after notice of the filing of the opinion, his right to tax the same after such 20 days is preserved, and the other party is not entitled to enter judgment without costs and disbursements under rule XXV. [Reporter.]

Action in the district court for Hennepin county against Leonard Nelson, James F. Cummings and the Glenwood-Inglewood Co. to recover $25,000. The case was tried before Jelley, J., who directed a verdict in favor of defendants pursuant to a stipulation between the parties in open court. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Arthur W. Selover,* for appellant.

*A. E. Helmick* and *McDowell & Fosseen,* for respondents.

DIBELL, C.

This is an action brought by the plaintiff to recover of the defendants damages for a wrongful interference with her contract

---

[1] Reported in 148 N. W. 451, 601.

Note.—The authorities on the question of the liability of a person in damages for inducing a third party to break his contract are reviewed in notes in 21 L.R.A. 233; 16 L.R.A.(N.S.) 746, and 28 L.R.A.(N.S.) 615.

rights. There was a verdict directed for the defendants and the plaintiff appeals from the order denying her motion for a new trial.

1. The wrongful interference with the contract relations of others, causing a breach, is a tort. Mealey v. Bemidji Lumber Co. 118 Minn. 427, 136 N. W. 1090; Joyce v. Great Northern Ry. Co. 100 Minn. 225, 110 N. W. 975, 8 L.R.A.(N.S.) 756; Faunce v. Searles, 122 Minn. 343, 142 N. W. 816, and cases cited.

The plaintiff leased to the defendant Cummings a lot in Cedar Lake Park in Hennepin county, reserving a certain portion of it, with the right in the lessee to remove the sand at a specified price per cubic yard. It gave Cummings no further rights in the property. It was construed in Twitchell v. Cummings, 123 Minn. 270, 143 N. W. 785. Afterwards the plaintiff leased to the defendant Anderson and one Nelson a portion of the sand lot, being the portion reserved, for the purpose of carrying on the business of selling spring water under the name of the Minneapolis Spring Water Co., a name assumed by the plaintiff and her associates, her husband and her son, in the business which they had been conducting. This lease contemplated that the lessees should carry on the business which the Twitchells had established, taking their customers, and should endeavor to increase it and should return the property and the business at the termination of the lease. Trouble arose. Cummings, claiming under his lease, gave Nelson and Anderson notice that the spring was his property and directed them not to pay rent to the plaintiff. It is clear beyond any question that Cummings had no right to the spring. He knew the portion of the lot on which the springhouse was being constructed and made no objection. He had no right to complain of its location there.

Afterwards Nelson and one Nimmerfroh, the latter having succeeded to Anderson's rights, sold to the Glenwood-Inglewood Co. the horses and equipment which they had used under the lease with the plaintiff in the operation of the spring. They did not sell the lease of the spring. They transferred their customers and agreed to enter the employment of the company and do the best possible to further its interests. This arrangement was entirely inconsistent with the contract with the plaintiff and resulted in its breach.

The evidence is sufficient to justify a jury in finding that the defendants Cummings and the Glenwood-Inglewood Co., acting in concert, and with knowledge of plaintiff's contract rights in the spring, wrongfully interfered with the contract relations of the plaintiff. If they did, this constituted a tort. This was the view taken by the trial court; and it based its ruling in directing a verdict upon the ground that nothing more than nominal damages were shown. The plaintiff, upon the motion of the defendants for a directed verdict, waived her right to nominal damages; and there is left for determination the question whether the evidence justifies an award of substantial damages. The plaintiff is the assignee of her associates.

2. The plaintiff and her associates had built up a very small business in the sale of spring water under the name assumed by them. It is very clear that the value of the business was not in the fact of a peculiarly good location, or because there was a limited supply of spring water, or because this was the only spring in the vicinity, but because there had been established a business in the sale of this spring water. The spring was nothing more than a well driven into a formation yielding good water, which was pumped, bottled and sold to the trade.

Though it is difficult to state the proper measure of damages upon such a record as we have before us, and the amount is difficult of ascertainment, the evidence was such as to justify the recovery of an amount more than nominal.

Order reversed.

On September 10, 1914, the following opinion was filed:

PER CURIAM:

When the prevailing party, within twenty days after notice of the filing of the opinion, serves and files with the clerk a notice of taxation of costs and disbursements his right to tax the same after such twenty days is preserved; and the other party is not entitled to enter judgment without costs and disbursements under rule XXV.[1]

The respondents may file objections within three days and the clerk will proceed with the taxation.

[1] [120 Minn. XXXI.]