RICHARD S. BACON v. ST. PAUL UNION STOCKYARDS COMPANY.[1]

December 12, 1924.

No. 24,073.

*Action in tort for wrongful interference with contract relation.*

Complaint construed as stating a cause of action in tort arising out of a wrongful interference with the contract relation of others causing a breach thereof.

Action in the district court for Dakota county to recover $1,200. From an order, Converse, J., sustaining a demurrer to the complaint, plaintiff appealed. Reversed.

*Patrick J. Ryan*, for appellant.

*D. L. Grannis*, for respondent.

*Mitchell, Doherty, Rumble, Bunn & Butler*, as amici curiae, filed a brief.

PER CURIAM.

This is an appeal from an order sustaining a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

Plaintiff alleges that defendant is a corporation maintaining a live stock yard at which it maintains facilities for loading, unloading, caring for, buying, selling and dealing in live stock of all kinds. The complaint alleges that since the first day of August, 1918, the plaintiff has continually been employed in and about the yards of defendant and in and about buying, selling and dealing in live stock therein and that during said period he was so employed by the Drover Live stock Commission Company, a corporation, and was regularly earning and receiving in his said employment a salary of $200 per month. It further alleges that on July 3, 1923, the defendant wrongfully, unlawfully and willfully excluded plaintiff from its said stock yards and barred and prevented him from carrying on his occupation therein and forbade any person, firm or corporation to employ him in or about said yards of said defendant and ever since said time said defendant has continued to bar and exclude plaintiff from said yards and has prevented live stock dealers there located from employing said plaintiff in or about said yards. That he was at said time and ever since has been able to continue in his said employment in said yards at said salary, except for the said action of defendant and that by reason thereof he has been damaged. Plaintiff alleges that he was entitled

[1]Reported in 201 N. W. 326.

to carry on his said employment without any other restriction or limitation which might be imposed upon him by defendant than that he abide by such reasonable and nondiscriminatory rules and regulations as defendant might make and carry out.

The wrongful interference with the contract relations of others causing a breach is a tort. We are of the opinion that the complaint states a cause of action for wrongful interference with plaintiff's employment. It appears from the complaint that the plaintiff had steady employment and that defendant wrongfully, wilfully and unlawfully prevented him from continuing in that employment. We think such conduct is in violation of plaintiff's rights. Joyce v. G. N. Ry. Co. 100 Minn. 225, 110 N. W. 975, 8 L. R. A. (N. S.) 756; Mealey v. Bemidji Lbr. Co. 118 Minn. 427, 136 N. W. 1090; Faunce v. Searles, 122 Minn. 343, 142 N. W. 816; Davis v. Condit, 124 Minn. 365, 144 N. W. 1089, 50 L. R. A. (N. S.) 142, Ann. Cas. 1915B, 544; Twitchell v. Nelson, 126 Minn. 423, 148 N. W. 451, 601; Victor Talking Machine Co. v. Lucker, 128 Minn. 171, 150 N. W. 790; Canellos v. Zotalis, 145 Minn. 292, 177 N. W. 133. The defendant may have reasons to justify its conduct, but such reasons do not appear in the complaint. We have not reached any conclusion as to whether the complaint states a cause of action under the "Packers and Stock Yards Act 1921," 42 St. 159, c. 64, Fed. Ann. St. 1921 Supp. 287. No rule or administrative order of the secretary of agriculture is involved.

Reversed.