## TEXAS ELECTRIC SERVICE CO. v. FAIRBANKS, MORSE & CO. (two cases).

District Court, N. D. Texas, Dallas Division. December 28, 1929.

Nos. 3219, 3220.

See, also, 32 F.(2d) 693.

Touchstone, Wight, Gormley & Price and Allen Wight, all of Dallas, Tex., for the motion.

Beall, Worsham, Rollins, Burford & Ryburn and A. S. Rollins, all of Dallas, Tex., opposed.

ATWELL, District Judge. These two cases came originally from two state district courts, where the district judge had issued restraining orders. When the cases reached this court, motions were made by the defendant to dissolve such orders. Upon a hearing this court conceived the law to be that the rules of the competitive world did not permit any tradesman to destroy the business or reputation of his competitor, in an effort to secure a business that the competitor was already enjoying, provided such destruction was the result of false representations. It is possible that the modified restraining order did not express this thought in its completeness. At any rate, from the modified injunction the defendant appealed, and, in 32 F.(2d) 693, 694, will be found the opinion of the Circuit Court of Appeals, which orders this court to set aside the preliminary injunction. An application for writ of certiorari was made to the Supreme Court by the plaintiff, which was denied. 50 S. Ct. 29, 74 L. Ed. ——.

It is now argued by the defendant that the Circuit Court of Appeals, in its opinion, really determined this suit, and found that the plaintiff alleged no cause of action upon the equity side of the docket. It is perhaps unnecessary to wonder what cause of action there could be upon the law side for damages, if there were none upon the equity side.

The court has endeavored to give some serious thought to the latitude of the Circuit Court of Appeals opinion, and to the cases cited therein. I think it may be conceded that the statement in the opinion, "the hearing was on bill and answer," relates to a criticism that the plaintiff leveled against the verification of the defendant's answer. But the fact remains that the hearing was upon bill and answer. Later on in the opinion is this statement: "Defendant denies any fraud or false statements in procuring the contract, and alleges that, instead of soliciting the contracts for the erection of plants, the initial inquiries came from the city of Commerce and other Texas towns. Defendant also denies that it has induced, or attempted to induce, any of plaintiff's customers to violate their contracts, and alleges that said contracts may be lawfully terminated before the municipal plant could be erected and put in operation." This language is not used with reference to the verification of the bill. It is used in exploiting the very vitals of the case. The denials in an answer upon preliminary presentment to the chancellor, and in the absence of proof, either under the bill or under the answer, have the effect of crystallizing the answer into the truth, and it is so accepted, and upon it, as accepted, judgment is pronounced.

I do not read the opinion of the Circuit Court of Appeals to mean that if, as a matter of fact, the defendant was guilty of fraud and the making of false statements in the securing of its contract or contracts, then, and in that event, it should go acquitted. I do not believe that to be the law. American Steel Foundries v. Tri-City Council, 257 U. S. 210, 42 S. Ct. 72, 66 L. Ed. 189, 27 A. L. R. 360; Perkins v. Pendleton, 90 Me. 166, 38 A. 96, 60 Am. St. Rep. 252. Whether the testimony will support the plaintiff or the defendant the court does not know, but, after the testimony shall have been introduced, and the law applied thereto as fixed by the Circuit Court of Appeals in the case above mentioned, then will follow a decree in conformity and harmony therewith. Had the court intended that the cause should be dismissed, its instructions would have been quite different. I do not understand that the equity case has been heard by either the trial court or the Circuit Court of Appeals. Both courts have merely heard the pleadings.

The motion to transfer will be overruled.