## BOSTON CASUALTY CO. v. BATH IRON WORKS CORPORATION.

### No. 106.

District Court, D. Maine, S. D.

Nov. 21, 1942.

Berman & Berman and Sidney W. Wernick, all of Portland, Me., for plaintiff.

William B. Mahoney and Drummond & Drummond, all of Portland, Me., for defendant.

PETERS, District Judge.

In this action the defendant is charged with wrongful interference with the business of the plaintiff. The defendant has filed a motion to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. Civil Procedure Rules, rule 12(b) (6), 28 U.S. C.A. following section 723c.

After sifting out conclusions and characterizations, the residue of facts alleged upon which the complaint is based and which can be taken as provable for the purpose of this motion seems to be as follows: The plaintiff, Boston Casualty Company, is in competition with the Union Mutual Life Insurance Company of Portland in the accident and health insurance business. The plaintiff built up a considerable business with employees of the defendant, Bath Iron Works Corporation, with its permission.

To facilitate collection of premiums the plaintiff had an arrangement with the defendant whereby, at the request of insured employees, premiums due the plaintiff were deducted from pay-checks and paid directly by the employer to the insurance company. This arrangement had continued for some years when it was discontinued by the defendant, which then

made a similar one with the Union Mutual Company, of which company the president of the defendant was a director.

In the course of carrying out the arrangement whereby premiums were deducted from wages and paid over to the plaintiff by the defendant, lists of names and policies and amounts due from policyholders who were employees of the defendant were furnished the defendant by the plaintiff. It is alleged that these lists were furnished "in confidence".

In both cases the service rendered by the defendant in collection of premiums was gratuitous, and not based upon any contract.

It is alleged that after the defendant discontinued collecting premiums for the plaintiff agents of the Union Mutual were permitted to solicit insurance within the plant of the defendant, to the exclusion of the agents of the plaintiff, and that the Union Mutual agents made use of the lists of insured employees furnished the defendant by the plaintiff. This alleged "violation of confidence" reposed in the defendant by the plaintiff is claimed to cause the plaintiff irreparable damage.

It is asserted also that the defendant, by giving this preference to the Union Mutual, by the resulting inconvenience to employees who are insured in the plaintiff, by furnishing the lists and by suggestions to its employees and otherwise, has favored the Union Mutual Company at the expense of the plaintiff; that this constitutes "pressure" on its employees to act as they otherwise might not, and unlawfully interferes with the plaintiff's business.

Further, that the defendant and the Union Mutual are acting in this way in pursuance of a plan to divert business from the plaintiff to the Union Mutual which has already been successful to some extent and is likely to be more so.

An injunction is asked for to prevent the defendant from making deductions from the wages of its employees to pay premiums to the Union Mutual Insurance Company, so far as those employees were on lists furnished by the plaintiff, and from suggesting or urging that they become insured in the Union Mutual Company. Damages are also asked for.

I take it that this motion to dismiss should not be considered from a technical standpoint. The Rules which permit this motion to be filed also provide that "All pleadings shall be so construed as to do substantial justice". Rule 8(f).

The motion is adapted to test the sufficiency of the claim of the plaintiff, however that claim could be stated, based on the ultimate facts alleged.

As was said by Judge Sanborn in Leimer v. Assurance Co., 8 Cir., 108 F.2d 302, 303–305, "To warrant such dismissal, it should appear from the allegations that a cause of action does not exist, rather than that a cause of action has been defectively stated".

I have tried to consider the complaint from that point of view, in connection with statements in brief of plaintiff's counsel as to his theory of the nature of the claim. It is "that the allegations of the complaint state a cause of action imposing a prima facie tort liability on the defendant for knowingly and purposely inducing, or otherwise causing and threatening to induce, or otherwise cause third persons not to continue their insurance business relations with the plaintiff; and knowingly and purposely interfering and threatening to interfere with plaintiff's business and business expectations with third persons."

"The complaint sets up prima facie liability insofar as it accuses the defendant of knowingly, purposely and maliciously urging, requesting, persuading and inducing its employees to terminate their insurance business with the plaintiff and to switch it to the Union Mutual Life Insurance Company".

The conclusion of the pleader that the facts alleged necessarily show a purpose to intentionally injure the plaintiff in its business seems to me unwarranted. The more reasonable interpretation of the picture is that the Bath Iron Works, having for some time favored the Boston Casualty Company, for reasons best known to itself, decided to favor the Portland company instead. It is apparent that it might have made the change for any one of several legitimate reasons; that it considered the Union Mutual policy more advantageous to the policyholders; that it preferred to do business with a local concern; that its management desired to favor the local company for any business reason. The defendant had no contract with the plaintiff and was at liberty to transfer its favors to another insurance company at will. The allegations of fact in the complaint do not support the conclusion of intentional wrong.

■ Did any act of the defendant, regardless of purpose, in and of itself constitute an invasion of the rights of the plaintiff or a violation of duty by the defendant? Features that must be present in order to find a tort.

Plaintiff lays stress upon the fact, as alleged, that it furnished defendant lists of defendant's own employees, with other necessary data to be used in deducting premiums, which defendant deducted from wages and paid over to plaintiff; that the lists were to be regarded as "confidential", not to be disclosed to others, and that they were disclosed to the rival company which made use of them in soliciting business.

■ Such lists were not trade secrets, nor, under the circumstances, were they secrets at all. The defendant, in deducting the premiums, necessarily knew the amounts and the names of its insured employees.

The plaintiff could not create a proprietary right in the names by calling the lists confidential, nor thus create a binding obligation on the defendant who was acting in the matter only gratuitously and for the benefit of the plaintiff.

■ The information was nothing more than was readily available to the other insurance company through its canvassers for business. No cause of action arises from the alleged use of the lists by the defendant.

The complaint has an allegation that, "The defendant, although it has forbidden servants or agents of the plaintiff to solicit health and accident insurance business within its plant from its employees, has nevertheless permitted the servants and agents of the said Union Mutual Life Insurance Company to solicit such insurance business within the plant from employees of the defendant."

No injunction is asked for to prevent the exclusion of servants or agents of the plaintiff from the plant. The grievance of the plaintiff seems to be that special favors are granted its competitor. However, the plaintiff, on the facts alleged, did not acquire any right to do business in the defendant's plant, nor is any reason apparent why the defendant should not give the other insurance company such rights as it pleased.

It is also complained that officers of the defendant have suggested and urged its employees, including those who were insured by the plaintiff, to take out insurance in the Union Mutual Company. If the defendant considered that its own interest or the interest of its employees would be better served by insuring with the Union Mutual, no fact is alleged which would make it wrong or any breach of the plaintiff's rights for them to do so.

The assertion that the defendant has combined with the Union Mutual Life Insurance Company and is about to act in concert with it to divert to the Union Mutual insurance business heretofore done by the plaintiff with the employees of the defendant, must be considered in the light of the facts as alleged which negative any wrongful combination or any concert of action other than the exercise of legitimate freedom of business.

The plaintiff avers that these various acts of the defendant, and especially the refusal to accommodate the plaintiff further by collecting its premiums (thus making it necessary for the employees insured with the plaintiff to go down to the plaintiff's office in Bath to make their payments) constitute "pressure" on employees, and an unreasonable interference with the plaintiff's business.

There is nothing in the facts alleged which prevents the natural conclusion that the defendant was merely exercising its freedom to select the persons with whom it desired to do business, and to recommend, in good faith, to its employees the persons with whom it desired, or for any reason thought wise, that they should do business. If it is merely exercising that freedom, it is not liable for any harm caused by its choice.

The two cases in Maine which plaintiff's counsel considers to be "squarely in point", Perkins v. Pendleton, 90 Me. 166, 38 A. 96, 60 Am.St.Rep. 252; and Taylor v. Pratt, 135 Me. 282, 195 A. 205, concern a wholly different state of facts than is found here.

On the other hand, the position of the defendant is sustained by the reasoning in "Restatement of the Law of Torts", A.L.I., including the various sections in Chapter 37; Sidney Blumenthal & Co. v. United States, 2 Cir., 30 F.2d 247.

The motion is allowed.

The complaint will be dismissed with costs.