JOHN M. SEVERSON, Appellee, v. JURGEN KOCK, et al.,
Appellants.

Cancellation of instruments: FRAUD: EVIDENCE. While the evidence
1   of fraud in an action to cancel a deed and contract should be
    clear and convincing, yet only a fair preponderance is required.
    Thus where the fraud charged consisted in misrepresentation of
    the amount of incumbrance upon the land to be assumed by the
    purchaser, proof that the incumbrance was more than represented,
    and reliance upon the statements of defendant, would establish
    fraud, in an equitable action, and authorize rescission.

Same: RESCISSION: EVIDENCE. In this action to cancel a deed the evi-
2   dence is held to support a finding that defendant's son owned a
    half interest and delivered a quit claim deed therefor to a third
    party to be delivered to plaintiff upon certain conditions, which
    were never performed by defendant; that such third person was not
    authorized to receive the deed for plaintiff and that it was never
    delivered to him, but upon learning that defendant only owned a

half interest plaintiff conveyed the land back, which conveyance was accepted, and that there was a rescission of the sale.

**Same:** FALSE REPRESENTATIONS: DUTY OF PURCHASER TO INVESTIGATE. Where a grantor makes a positive affirmation that he is owner in fee of the property; that the incumbrances do not exceed a certain amount; that an existing mortgage was a first lien and could be carried indefinitely at a certain rate of interest, all of which were untrue, the purchaser may rely thereon and is not held to an examination of the records to ascertain the correctness of the statements, although the conveyance was by quit claim deed; and when made for the purpose of inducing the sale he cannot afterwards say that his statements should not have been believed.

**Same:** FALSE REPRESENTATIONS: KNOWLEDGE. While it is necessary in a law action for fraud to show that the representations as made were known to be false, and that deception and injury followed, equity may grant relief although the party making the representations did not know that they were false.

*Appeal from Woodbury District Court.*—HON. DAVID MOULD, Judge.

TUESDAY, MARCH 11, 1913.

THIS action was brought to cancel a written contract and deed, on the ground that the same were procured by fraudulent representations and failure of title, and on the further ground of an alleged rescission by plaintiff, after discovery by him that defendants did not have title to the property, and after he found that the representations were false. There was a decree for plaintiff. The defendants appeal.—*Affirmed.*

*R. A. Oliver, J. W. Hallam, W. L. Harding* and *Martin Neilan,* for appellants.

*Henderson & Fribourg,* for appellee.

PRESTON, J.—On February 3, 1911, the defendant Jurgen Kock made a quitclaim deed to plaintiff for certain real estate

in Sioux City, and on the same day the parties entered into a written contract in reference thereto. Among other things, said contract provided that plaintiff was to assume and pay the mortgages and liens then on said property. The plaintiff alleges that said defendant represented that he was the owner in fee simple of the property, and that the liens and incumbrances thereon did not exceed $40,000; and that the $25,000 mortgage on the property was a first mortgage, and could be carried as long as plaintiff desired at 5 per cent. The plaintiff says that defendant was not the owner in fee simple of the property, and that the liens and incumbrances were more than $43,000, and that for plaintiff to become sole owner in fee simple, free of all liens, plaintiff would have to pay more than $45,500; that the $25,000 mortgage had been foreclosed, and was drawing 8 per cent., and could not be continued at 5 per cent., or on any terms; that when plaintiff ascertained said statements were false he rescinded said contract and deed, and delivered defendant a quitclaim deed for the property, which was accepted by defendant.

The defendant admits the making of the contract and deed, and denies all other allegations of the petition, and alleges that on September 22, 1910, John M. Kock, made a written contract to convey to said defendant his right to the property, and on February 6, 1911, conveyed the property to plaintiff, and that on February 14, 1911, in further fulfillment of said contract of September 22d, said John M. Kock made a deed to defendant for the property, which was recorded February 18, 1911; that defendant was ready, able and willing to perform his part of the contract; and that he never consented to rescind the same.

The appellant contends, first, that the decree canceling the contract and deed for fraud is not sustained by the evidence; second, that the court erred in finding there was a failure of title, or fraud, after John M. Kock delivered plaintiff a deed of his interest on February 6, 1911; and, third, that the quitclaim deed from defendant to plaintiff, the judg-

ments, and the suits foreclosing the first and second mortgages were notice to plaintiff of the condition of the title of the property and the debts thereon, and that the court erred in finding that plaintiff had no notice, and was deceived in the title, the amount of the debts, and the foreclosure of the first mortgage.

The trial court, by decree canceled and set aside the contract and deed, and decreed that the quitclaim deed delivered by plaintiff to defendant subsequent to February 3, 1911, be and is a full rescission, cancellation, and annulment of the contract and deed dated February 3, 1911.

I. Appellant strenuously insists that the decree is not sutained by the evidence. There is a sharp conflict in the evidence on the different disputed fact questions. Appellant

**1. CANCELLATION OF INSTRUMENTS: fraud: evidence.** argues that on some of these he has the greater number of witnesses, and that we should count them. This is not the test, as counsel are aware. There are so many things to be taken into consideration in weighing the evidence of the different witnesses that we will hesitate before disturbing the findings of the trial court. We have said this so many times, and the rule is so well understood, that it is unnecessary to cite the cases. We have been greatly aided by counsel for both parties by the thorough, painstaking, yet concise, manner in which they have prepared their record and arguments and grouped the testimony of the witnesses on the several questions of fact. We have carefully examined the evidence, and we are ourselves satisfied with the findings of the district court. It would serve no useful purpose to detail the evidence here. Appellant argues that in this class of cases the evidence should be clear, satisfactory, and convincing. The rule as to the amount of proof is not quite so broad as counsel state it. It is true, of course, that fraud will never be presumed, but must be proven by the party charging it. To establish the evidentiary fact of bad faith, falsehood, or deception, the proof must be clear, satisfactory, and convincing; but to establish plaintiff's claim only a fair

preponderance of the evidence is required. *Ley v. Insurance Co.*, 120 Iowa, 203; 20 Cyc. 120.

In the case at bar the plaintiff, by the written contract, assumed the debts and incumbrances against the property. The alleged representation by defendant to plaintiff was that such debts and incumbrances would not exceed $40,000, and the evidence shows that they were considerably more than that. Under such circumstances facts showing such representation, and that the incumbrances and debts were more, and reliance thereon by the plaintiff, would establish the fraud, in an equitable action to rescind the contract and cancel the deed. The rule is not the same in equity as at law, as we shall see by cases cited later in this opinion.

II.  Plaintiff alleges, and the evidence shows, that prior to the making of the deed and contract on February 3, 1911, defendant represented that he was the owner in fee simple of the property. The evidence is undisputed that at that time he was the owner of an undivided one-half interest only, and that his son, John M. Kock, owned the other half, the defendant having conveyed the same to him in 1909 by deed, which was on record. Plaintiff was informed of this fact after the deed from defendant to plaintiff was recorded. There was a written contract between defendant and his son, by which the son was to convey his interest to defendant on the performance of certain conditions by the father. On February 6, 1911, John M. did execute a quitclaim deed to plaintiff for the half interest. Defendant claims this was done at the direction of plaintiff and defendant, and that plaintiff assented to this deed being left with one Milligan, and that therefore plaintiff did obtain full title before the rescission by plaintiff on February 8th. Appellant contends that appellee consented to a reasonable delay to cure the defect in the title, and that he cannot now rely on that matter. He cites in support of his contention a number of cases.

In *Hawes v. Swanzey*, 123 Iowa, 51, an action for specific

2. SAME: rescission: evidence.

performance, there was an apparent defect in plaintiff's title, which was later cured by a quitclaim deed. When the defect was discovered, defendants did not at once refuse to be longer bound by their contract, and, by their failure to do so, and by frequent inquiries of plaintiff or his agent as to the progress made in their efforts to perfect the title, the court held that they consented to a reasonable delay to enable plaintiff to perfect the title; that, having thus acquiesced in the delay until the title was perfected, according to their demand, and until after plaintiff was prepared to comply with his part, equity would not allow defendants to assign that delay as a reason for refusing to carry out their part of the contract. Other cases are cited to substantially the same effect.

In answer to this counsel for appellee say that there was no delivery of this deed from John M. Köck to plaintiff; that plaintiff did not assent to such an arrangement; that he promptly objected to going on with the trade; and that he rescinded the entire transaction, and made and tendered back a quitclaim deed to defendant to the property, which was accepted by the defendant.

There is a conflict in the evidence as to whether there was a delivery of the deed from John M. to plaintiff, and whether the same was accepted by plaintiff. Appellant contends that there was such delivery, but this is disputed by the appellee. The trial court was justified in finding that John M. executed the deed and left it with Mr. Milligan, to be delivered only on condition that the defendant, Jurgen Kock, should pay to John M. $2,500, in cash and return certain notes, which conditions were not performed, and that Milligan was not authorized to receive the deed for Severson, and that such deed was to be held until Milligan was notified that John M. had settled with his father, and that Milligan was not to deliver the deed without express instructions from John M.; that Milligan was never authorized by Severson to receive a deed for him; and that the deed never was delivered to Severson.

The plaintiff's evidence is to the effect that, when he dis-

covered that John M. Kock owned a one-half interest in the property, he refused to go on with the trade and made a deed back to defendant, which was accepted by defendant; and that there was a rescission. The trial court was justified in so finding, and that the attempt to cure the defect in the title does not prevent plaintiff from now asserting such defect. The plaintiff does not rely alone on the representations, and that they were untrue, but relies also upon the question of rescission; and the district court decreed that the quitclaim deed delivered by plaintiff to defendant after February 3, 1911, should be a full rescission of the contract and deed dated February 3, 1911. Such relief was asked by plaintiff in this action.

III. Appellant states his third point thus: The quitclaim deed from defendant to plaintiff, the judgments, and the suits foreclosing the first and second mortgages were notice to plaintiff of the condition of the title of the flats and the debts thereon; and the court erred in decreeing plaintiff had no notice, and was deceived in the title, the amount of the debts, and the foreclosure of the first mortgage.

3. SAME: false representations: duty of purchaser to investigate.

Many of the cases relied upon by appellant are to the effect that one taking title by quitclaim deed is chargeable with notice of existing equities; and that, where an action is pending affecting the title to real estate, the doctrine of *lis pendens* applies. It may be conceded that these rules apply in a proper case; but this does not change the rule that, as between grantor and grantee under a quitclaim, the purchaser may set up the seller's fraud in inducing acceptance of the deed, even though such deed carries with it notice of equities. It must be borne in mind that this is an action in equity to cancel and rescind because of false representations. The representations alleged to have been made were that defendant was the owner in fee; that the liens and incumbrances on the property did not exceed $40,000; and that the mortgage was a first mortgage, and could be carried as long as plaintiff

desired at 5 per cent. The incumbrances were of record, as was the deed to John M. Kock for a half interest in the property. The fact that the mortgage had been foreclosed and a receiver appointed for the property was of record. Because of this defendant says the means of knowledge of the title and the incumbrances were equally open to plaintiff and defendant; and that it was plaintiff's duty to use ordinary care to ascertain the condition of the title and the amount of debts. He relies on *Gee v. Moss,* 68 Iowa, 318. That was an action at law for damages, in which the trial court, in an instruction, told the jury that to recover plaintiff must show that in purchasing the stock of goods he exercised ordinary care and prudence. But that particular part of the instructions was not objected to on appeal, and the point was not decided. There are cases holding the above rule under certain circumstances. 20 Cyc. 32 and 49.

But the rule does not apply here. Where there is a positive affirmation of a fact, the party to whom the representation is made may rely thereon, without investigation by examination of the records and the like. The party making the representation for the purpose of inducing the other to act may not say his statement should not have been believed. *McGibbons v. Wilder,* 78 Iowa, 531; *Riley v. Bell,* 120 Iowa, 618; 20 Cyc. 62.

Plaintiff testifies that the defendant stated there was $40,000 against the property, but did not think it would be that, for the reason it was in the hands of a receiver, and he thought there would be something coming from the receiver which would probably bring it down a couple of thousands under that. "He said all of the incumbrances, everything against the property, would not exceed $40,000." He also testified that defendant represented that he was the owner in fee simple of the property. These were positive assertions by the defendant, and he cannot now be heard to say that plaintiff should not have relied thereon. These representations were not true. Plaintiff relied on them.

. At law, in order to recover, plaintiff would be required to prove the several elements constituting fraud and deceit— "representation, falsity, scienter, deception, injury." *Boddy*

4. SAME: false representations: knowledge.

*v. Henry*, 113 Iowa, 462; *Riley v. Bell*, 120 Iowa, 618; *Smith v. Packard*, 152 Iowa, 1. A different rule obtains in equity. This court said, in *Mohler v. Carder*, 73 Iowa, 582, and which is approved in *Hunter v. League*, etc., 96 Iowa, 573: "Another equally well-established rule is that, to entitle a party to relief in equity by reason of fraudulent misrepresentations, it is not necessary that it be shown that the party making the false statements knew that they were false when he made them. They may have been innocently made, yet, if represented as positive statements of fact, as distinguished from mere opinions and relied upon by the other party to his prejudice, to the extent that he is led to act thereon, equity will afford relief." See, also, *Maine v. Investment Co.*, 132 Iowa, 272; *McFadden v. Alexander*, 154 Iowa, 716; *Brokerage Co. v. Wharton*, 143 Iowa, 65; *Wilcox v. University*, 32 Iowa, 367; *Moyle v. Silbaugh*, 105 Iowa, 531.

If we apply this rule here, plaintiff was entitled to the relief prayed. He asked a cancellation of the deed and contract and a rescission. It is true he claimed there had been a rescission by the parties before the suit was brought; but that was a matter of proof, and he had a right to ask the court to rescind for the fraud, if the evidence was not sufficient to satisfy the court that there had already been a rescission. We are satisfied with the findings and decree of the district court.—*Affirmed.*