JURGEN KOCK, Appellant, v. ERIC A. BURGESS, Appellee.

**Pleadings:** TORT: INDUCING BREACH OF CONTRACT. A petition alleging that a building belonging to plaintiff had been sold to defendant on mortgage foreclosure, and that plaintiff had sold his equity of redemption to another who had agreed to redeem, pay off existing liens and convey a one-half interest to plaintiff, but that defendant

by false representations induced such grantee to break the contract whereby plaintiff lost all interest in the property, did not state a cause of action for slander of title, but was maintainable on the ground that defendant wrongfully interfered with and induced a violation of the contract with plaintiff involving a valid property right.

**Same.** Under the circumstances of this case plaintiff was not limited
2    to an action for a breach of the contract by the purchaser of his equity to discharge the liens and convey an interest in the property to him, but was entitled to sue the defendant for his wrongful interference causing the breach of the contract.

**Same: DAMAGES: SUFFICIENCY OF PLEADING.** Where plaintiff alleged
3    the value of the property, in which he was entitled to an interest under his contract with the purchaser of his equity, at the time of defendant's alleged interference with the contract, and also its value at the time of the commencement of the action against defendant for such wrongful interference, and the value of his interest which was lost by such interference, there was sufficient allegation of special damage, and the petition was not demurrable on the ground that the damages pleaded were speculative and contingent.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

TUESDAY, DECEMBER 15, 1914.

APPEAL from a ruling on demurrer to a petition, which charged liability and damages for wrongful interference by defendant as to a contract between plaintiff and another.— *Reversed.*

*Martin Neilan,* for appellant.

*Henderson & Fribourg* and *E. A. Burgess,* for appellee.

WITHROW, J.—The essential averments of plaintiff's petition are as follows:

That in February, 1896, he purchased of the defendant a property known as the Reinhart Flats in Sioux City for $75,-

000, subject to an existing mortgage of $25,000, and to secure a part of the purchase price executed a second mortgage for $15,000. That in April, 1909, he sold a half interest in the flats to one John M. Kock, who in September, 1910, reconveyed the same to plaintiff. In December, 1909, there being due $10,000 on the second mortgage, the defendant commenced foreclosure proceedings, and upon application a receiver was appointed, who acted until sheriff's deed was made, and who as to his duties was advised by the defendant, an attorney. Decree of foreclosure was entered, and sale under special execution was made on March 7, 1910, to one Hutchins; but plaintiff avers that the defendant was the real purchaser, and that sheriff's deed to the property was received by him in March, 1911. That on February 3, 1911, the plaintiff sold the flats and his redemption right to John M. Severson, by written contract and deed, under which contract Severson agreed to assume and pay the mortgages and liens before the time of redemption, and to secure possession of the flats within one week. By such agreement it is alleged that for paying off the liens Severson was to have and own one-half of the flats above $45,000, and the plaintiff was to be the owner of the other half; that the flats were to be operated by the parties for five years, and the profits were to be divided. If sold before that time for not less than $70,000, all in excess of $44,500 was to be equally divided between the parties. The deed to Severson was recorded on February 3, 1911.

On February 4th, while said flats were yet in the control of the receiver, for whom, as alleged, the defendant was then acting as attorney, the defendant was informed by Severson: That he had purchased the flats by the contract and deed, had recorded the latter, and requested of defendant the assignment of the sheriff's certificate of sale, that he might make redemption, and then requested the plaintiff to accept the amount necessary to redeem. That at such time and afterward the defendant, knowing that John M. Kock had entered into a contract to convey to plaintiff his half interest,

with the intent to deceive Severson, and to prevent him from redeeming from the second mortgage, and with the intent to induce him to break the within contract with the plaintiff, willfully, maliciously, falsely, and wrongfully interfered, by then stating to Severson the following words:

Jurgen Kock does not own the Reinhart Flats property. John M. Kock claims a half interest in it; owns a deed for half of the property. Jurgen Kock owns only half the property. You, John M. Severson, under your contract and deed, have no right to redeem that property from the second mortgage foreclosure, and no right to an assignment of the sheriff's certificate of sale thereof. I own the certificate, but I will not assign it to you. The building is untenantable. It has very few tenants in there, who pay no rent. It has been used for immoral purposes (naming them). It is so dirty that it is not fit for hogs to live in. It cannot be rented because of its dirty and rotten condition. The boilers, steam plant, tanks, light plant, engines, machinery, plumbing, and fixtures are all worn out and worthless. The rent of the building does not pay expenses. It is running at a loss. Jurgen Kock is an old crook—a dishonest man—a man who never performs his contracts, and he will not perform and fulfill his said contract with you, and under the conditions of the title, the conditions of the building, it is your interest not to redeem said property from the foreclosure, and not to take an assignment of the sheriff's certificate of sale of the second mortgage which I have, and to go no further with that contract and deed, and to have nothing more to do with the above property and Jurgen Kock.

That the said statements were made without justification, were false, and made for the purpose of influencing Severson as above stated, and to advance the pecuniary interest of the defendant by preventing redemption. It is also charged that defendant and Severson conspired together to break the written contract, and not redeem. The petition avers that the fraud, deceit, and collusion charged caused Severson not to fulfill his contract, the right of redemption was lost, plaintiff was deprived of Severson as a buyer, lost five years' use of the part to be under his control by the terms of the contract,

and lost his half interest in the property. He pleads that Severson on February 4, 1911, was ready, able, and willing to make redemption and fulfill his contract with the plaintiff, and that he would have done so, but for the wrongful act of the defendant, and that after that time the plaintiff was himself without means or ability to make redemption. He charges that it was the duty of defendant, as attorney for plaintiff and for the receiver, to assist in such redemption being made, and to assist Severson to comply with his contract. The rent of the property for five years from February 4, 1911, is alleged to be reasonably worth $5,000, and the property is alleged to have been reasonably worth $85,000 on that date, and that at the time action was commenced its value was $100,000, and plaintiff's half interest above $44,500 had the contract been fulfilled, was worth $20,000. He asserts actual damages of $25,000, and because of the wrong pleaded asks for treble damages.

To this petition a demurrer was filed, the first two divisions of which challenge its sufficiency in the stating of a cause of action, that it made no claim for special damages, and that the damages claimed are too remote and speculative. The third division of the demurrer is that the petition shows on its face that the alleged slanderous words were uttered after conveyance had been made to Severson, and at a time when plaintiff had an enforceable contract against Severson, and that plaintiff's remedy, if any, is against Severson for the alleged breach and repudiation of the contract. The demurrer was sustained, and, plaintiff having elected to stand upon his petition, judgment was entered against him, and he appeals.

II. We do not find the parties in agreement as to the nature of the action. The appellee urges that it is essentially a charge of slander of title, that no cause of action for such is stated, and that damages in such cases can only be recovered when specially pleaded, and that such has not been done in this case. The appellant urges that this is not an action based upon slander

1. PLEADINGS: tort: inducing breach of contract.

of title, but that it charges a wrongful interference resulting in the breach of an existing contract.

From the petition it appears that at the time of the alleged wrongful statements conveyance of the property had been made to Severson by the plaintiff, coupled with it being a contract which, as a part of the consideration for the conveyance, bound Severson to redeem from the foreclosure sale and take care of other existing liens. The averment of the petition is that the words spoken were with the intent on the part of the defendant to prevent such redemption, whereby he, the defendant, might secure title by sheriff's deeds, and that because of such statement he did secure such benefit to himself, with consequent loss to plaintiff. While the language used in part attacked plaintiff's title, as charged it covered other material conditions, in view of the mutual relations said to exist under the contract between Kock and Severson in the use and management of the property. In other words, it charged plaintiff with being dishonest and that he would not fulfill his contracts. The case is not one purely of slander of title, but is broader in its averments, and is not, therefore, controlled by the rules contended for by appellee as being applicable to cases of that kind.

Briefly stated, that contention is that when a valid contract of sale of real estate exists, and when there is an unlawful and wrongful interference by a third party which prevents the completion of the contract, the remedy must be against the purchaser who breaches his contract rather than against the wrongdoer who causes the breach. Supporting such proposition, counsel for appellee cites 25 Cyc. 561, Townsend on Slander and Libel, section 206, *Boyson v. Thorn*, 98 Cal. 578 (33 Pac. 492, 21 L. R. A. 233), and other cases. Limited to the single question of causing the breach of a contract of sale of real estate by slander of title, the authorities would have bearing. But here, so far as appears from the pleading, the sale was completed, the conveyance recorded, and that which is alleged to have caused

2. SAME.

the damage related to the discharge of a personal duty in protecting the property, which the buyer owed to his grantor and which by the alleged wrongful act of the defendant he was dissuaded from doing. The petition alleges that at such time Severson was able, ready, and willing to do that which he was bound to do.

As to wrongful interference with contracts of personal employment, the rule is well settled that if damages result the wrongdoer is liable, and the injured person is not bound to his remedy for a breach of the contract. *Hollenbeck v. Ristine,* 114 Iowa, 358; *Faunce v. Searles,* 122 Minn. 343 (142 N. W. 816. As to interference with contracts, not of employment, but based upon personal obligations, the rule which commends itself to us is:

That when a party has entered into a contract with another to do or not to do a particular act or acts, he has as clear a right to its performance as he has to his property, either real or personal, and that knowingly to induce the other party to violate it is as distinct a wrong as it is to injure or destroy his property. It is not a sufficient answer to say that he had a remedy against the party who has broken the contract. (*Raymond v. Yarrington,* 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L. R. A. 962, 97 Am. St. Rep. 914.)

In principle, see *Booth v. Burgess,* 72 N. J. Eq. 181 (65 Atl. 226) ; *Heath v. American Book Co.* (C. C.), 97 Fed. 533. The position not being made to depend upon the failure of the buyer to receive the title, which, as averred, it appears he had done, but upon an unlawful interference which prevented him from performing contractual obligations to the plaintiff, we think a cause of action is stated.

Reference is made in argument to a case decided by this court in which Kock and Severson were adverse parties, and in which their rights in the property were determined. So far as the facts were then adjudicated, they may have bearing upon the trial of this case; but we cannot adopt them as a basis for our conclusion here, but must in this appeal treat the

facts pleaded by plaintiff as true, when their sufficiency in the law is questioned by demurrer. We hold that the petition stated a cause of action, unless the averment of damages was insufficient, or for other causes which we will notice the demurrer should have been sustained.

III. We have referred to the claim for damages as pleaded. It is urged by appellee, in support of the ruling of the trial court, that special damages must be alleged, to re-

3. SAME: damages: sufficiency of pleading.

cover for slander of title, and that such has not been done. As stated in the previous division, we do not hold the case to be wholly of that nature; but, even were we to apply the rule invoked, there is in the petition a sufficient claim in that respect. Special damages are such as actually result from the wrongful act, but are not such a necessary result that they will be implied by law. 13 Cyc. 13. It is particularly pleaded that the value of the property at the time of the alleged interference with the contract was $85,000, and $100,000 at the time of the commencement of the action, and that plaintiff's half interest above incumbrances, which was lost because of interference, was $20,000. This is a definite statement of damage because of the act of defendant. It is urged that whether plaintiff would gain or lose by the transaction with Severson depended upon future contingencies, which could not be foretold. But with the pleading that Severson was able, ready, and willing to take care of the liens, such being done, plaintiff's interest above $45,000 was readily ascertainable, and not contingent. As much cannot be said, however, for the claim of rent which would accrue during the five years following. There was a claim for damages, specially pleaded, capable of being definitely determined, as least in part, and in that respect the petition was sufficient.

IV. A further ground urged by the appellee is that, as Severson was a part owner of the property, the utterance of the words to him, without publication, was not slanderous. This objection rests upon the assumption of the defendant

that this action is one of slander of title alone, which we hold to be not correct. We think there was error in sustaining the demurrer.—*Reversed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concurring.