JURGEN KOCK, Appellant, v. ERIC A. BURGESS, Appellee.

TRUSTS:   Resulting Trusts—Evidence—Sufficiency.   Evidence reviewed, and held wholly insufficient to show that defendant, in foreclosing his mortgage on plaintiff's property, and in securing title thereto under such foreclosure, held any such trust relation

to plaintiff as would justify a decree that defendant held the property in trust for plaintiff.

**TORTS: Inducing Breach of Contract—Fraudulent Representations— Action at Law—Extent of Proof.** Under a charge, in a law action for damages, that defendant by false representations induced a party to break his contract with plaintiff, it must appear not only that the false representations were made, *but that they induced the breach.*

**JUDGMENT: Conclusiveness—Offer by Stranger—Evidence.** A judgment against a party is at least prima-facie evidence against him of the facts therein recited and adjudicated, when offered *by a stranger to the judgment proceeding.*

PRINCIPLE APPLIED: The time for redeeming plaintiff's property from foreclosure sale had almost expired. Plaintiff, being unable to redeem, sold the property to one S, under a contract by which S agreed to redeem, and thereafter hold and own the property with plaintiff in certain proportions. Later, S brought an action against plaintiff to cancel the contract, on the ground of plaintiff's fraudulent representations as to the condition of the property. Decree of cancellation was entered on that ground. Later, plaintiff brought action for damages against one B, alleging that B had wrongfully induced S to breach his said contract. *Held,* the decree of cancellation entered in the action of S against plaintiff was admissible in B's behalf as showing, at least *prima facie,* that what B did, if anything, was not the cause of S's failure to carry out the contract.

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

WEDNESDAY, FEBRUARY 9, 1916.

REHEARING DENIED WEDNESDAY, JUNE 28, 1916.

ACTION to recover damages from defendant for breach of duty as an attorney, for falsely and maliciously inducing one Severson to break a contract which he (Severson) had with plaintiff, and for a conspiracy to defraud plaintiff out of his property, or the proceeds thereof. Upon issues joined, the case was tried to a jury, resulting in a directed verdict for defendant, and plaintiff appeals.—*Affirmed.*

*Sargent, Strong & Struble* and *Martin Neilan,* for appellant.

*Henderson & Fribourg, Fred H. Free* and *E. A. Burgess,* for appellee.

PER CURIAM.—This case has once been before this court upon an appeal from a ruling sustaining a demurrer to the plaintiff's petition. See 167 Iowa 727. Another branch of the case was also before us, and the opinion filed therein will be found in 159 Iowa 343, in an action entitled *Severson v. Kock.* The first of these cases states the nature of plaintiff's petition. After remand of that case, defendant filed an answer, in which he denied practically all the material allegations of the petition, and also pleaded that plaintiff was not damaged by anything which defendant did; that plaintiff suffered no loss from defendant's conduct, whatever it may have been; and that his contract with Severson was voidable because of his (plaintiff's) false and fraudulent representations to Severson regarding the subject-matter of the contract; and that said contract was set aside and held for naught in an action brought by Severson against the plaintiff, which action was appealed to this court and here affirmed. It was further alleged that, as this contract was voided and set aside because of plaintiff's own fraud, plaintiff suffered no damage from anything the defendant did or omitted to do; but that, whatever the wrong, plaintiff cannot now assert that, but for this wrong, Severson would have complied with his contract. Defendant also pleaded that, by the decree in the *Severson* case, it was found that the contract between plaintiff and Severson was mutually rescinded before the time for the performance thereof had expired; and that, by reason of this fact, plaintiff suffered no damages from anything defendant did or failed to do. Reference was made, in this connection, to the opinion of this court in *Severson's* case, supra. In reply, plaintiff pleaded many conclusions of law and of fact, the purport of which was that the defendant

cannot rely upon the decree in *Severson's* case, supra, because
he was not a party thereto, and that, by his conduct, defend-
ant has estopped himself from asserting that the decree in
*Severson's* case was or is binding, for the reason that in
other proceedings defendant assented to the validity of the
contract and claimed that plaintiff's only remedy was by
action against Severson on his contract. The law of the case,
accepting the allegations of plaintiff's petition to be true, is
announced in the opinion filed on the former appeal, and on
this appeal we have but two questions for our consideration:
first, did plaintiff introduce enough testimony to take the
case to the jury upon the issues of fact presented by defend-
ant's denial of the allegations of the petition; second, does
the decree in the *Severson* case, which was introduced upon
this trial, and which was not attacked in any manner, con-
clude the plaintiff and deprive him of a right to recover,
on the theory that he never had a valid and subsisting contract
with Severson for the redemption of the property from fore-
closure sale? It may be observed, in this connection, that
the case is argued to some extent on the theory that defendant
should be charged as an attorney and trustee for the plaintiff,
and, notwithstanding the fact that he now holds a sheriff's
deed, he should be decreed to hold the title in trust for plain-
tiff, subject to whatever valid claims he may have against it.
The allegations of the petition are not broad enough to make
such a case.

It may be conceded that defendant was an owner, or
part owner, of the second mortgage upon which the fore-
closure was based, in which action a receiver was appointed;
that he became the attorney of the receiver
and acted for him; that he was at all times
the equitable, if not the legal, owner of the
certificate of sale issued by the sheriff after
sale on execution, and became the legal owner before the
equity of redemption expired; and that he refused to permit
Severson to make redemption after Severson purchased the

1. TRUSTS: result-
ing trusts: evi-
dence: suffici-
ency.

equity of redemption from plaintiff; still it does not appear that any such trust relation existed between plaintiff and defendant as would justify a court of equity in decreeing that defendant holds the property in trust for plaintiff. The foreclosure proceedings were adversary in character, and defendant at no time acted for plaintiff therein. He had the right to foreclose his mortgage, and to have a receiver appointed to take charge of the mortgaged property, to preserve it from waste and to collect the rents, and had an undoubted right to buy in the property at sheriff's sale, either in his own name or in the name of another, and, if bid in by another, to take an assignment of the certificate of sale, and, if no redemption was made, to take a deed in his own name. We may assume that, under the general rule, he should not have accepted employment from the receiver; but, as the receiver was appointed simply to preserve, care for, and receive the rents from the property, pending litigation, and as he had nothing to do with the foreclosure, as such, it is manifest that in no way could his employment by the receiver be said to affect the plaintiff in the matter of the sale of the property on foreclosure. It is not a case where an attorney purchases the property at a receiver's sale, from a receiver whom he represents. Here, defendant did not acquire his title through the receiver whom he represented. He obtained it through a foreclosure of the mortgage, as he had a right to do, and plaintiff's case must rest, if at all, upon defendant's wrongful and unlawful interference with Severson in his effort to redeem the property under his contract with plaintiff. Some claim is made that the decree in *Severson's* case was obtained as a part of a scheme on the part of Severson, the defendant, and the receiver, to deprive plaintiff of his right of redemption; but the proof is not sufficient to justify this conclusion.

Conceding, for the purpose of the case, enough testimony to take the case to the jury on the question of false represen-

tations made by defendant to Severson (although the evidence

**2. TORTS: inducing breach of contract: fraudulent representations: action at law: extent of proof.**
at this point is meager), still, plaintiff, in addition to this, must show that by reason thereof Severson, to plaintiff's damage, abandoned a contract which he would otherwise have performed.

If the decree in *Severson v. Kock*, to which we have heretofore referred, which set aside the contract for fraud on the part of the plaintiff in misrepresenting the condition of the property, may be considered, this is an end

**3. JUDGMENT: conclusiveness: offer by stranger: evidence.**
of plaintiff's case; for it would appear that the reason why Severson did not comply with his contract was that it was procured from him by fraud and misrepresentation, and was thereafter mutually rescinded. May the decree be so considered, although the defendant herein was not an actual party to that suit? Whilst it is a general rule that a stranger is not bound by and cannot rely upon a judgment in an action to which he was neither a party nor a privy, yet there are many cases where a judgment, although not considered as *res adjudicata*, or conclusive as to strangers, is still admissible in testimony to make out at least a prima-facie case of the existence of such a judgment, or of a state of things which actually affects a fact in issue or is deemed relevant to an issue. 2 Elliott on Evidence, Sec. 1526. And this is almost universally true of all judgments *in rem* or quasi *in rem*. Illustrations of this rule are common. For example, in a proceeding by a creditor's bill, the judgment rendered against the original debtor is admissible in evidence in a suit against a fraudulent grantee, and in an action involving the status of an individual,—that is, as to whether he be married or single,—a decree of divorce is admissible when that question becomes a collateral issue. A few cases illustrate the proposition. A question arose as to whether A had been damaged by the negligence of his servant B in injuring C's horse. A judgment in an action in which C recovered damages against A is proof as against

B that C did recover damages against A in that action. *Green v. New River Co.*, 4 T. R. 589, 590. Indeed, it seems to be the general rule that a judgment is admissible as evidence of a collateral fact in an action, although one of the parties thereto was a stranger to the original judgment. *Koogler v. Huffman*, 1 McCord L. (S. C.) *495; *Mansfield v. New York Cent. & H. R. R. Co.* (N. Y.), 6 N. E. 386. Aside from this, however, and assuming that the judgment was not prima-facie evidence of the facts recited, plaintiff, in order to recover, was bound to show that defendant's misconduct caused the damage complained of,—that is, by reason of defendant's misconduct, Severson was induced to abandon his contract; and that he failed, by reason thereof, to make the promised redemption. Severson was not a witness, and there is no testimony, aside from the judgment, as to why he neglected to carry out his contract. It does appear that he abandoned the purpose and returned his contract and deed to plaintiff, who accepted and has never returned the same. Plaintiff made no further efforts to save his property, and we are constrained to hold that he failed to make out a case. The verdict was, therefore, properly directed.—*Affirmed.*

All the Justices concur.