JURGEN KOCK, Appellant, v. ERIC A. BURGESS, Appellee.

**APPEAL AND ERROR:** Affirmance—Scope of Adjudication. An affirmance on appeal of an order sustaining a general equitable demurrer to a petition constitutes a final adjudication of *every* issue and *every* phase thereof raised by said pleading, even though not specifically discussed in the affirming opinion.

*Appeal from Woodbury District Court.*—J. W. ANDERSON, Judge.

MAY 10, 1921.

ACTION in equity for an accounting, and to impress a trust in favor of plaintiff on certain funds in the hands of the defendant. A demurrer to the plaintiff's petition was sustained, and plaintiff elected to stand on his petition, and appeals from the judgment dismissing the same.—*Affirmed.*

*Martin Neilan,* for appellant.

*Fred H. Free,* for appellee.

FAVILLE, J.—Whatever else may be said of the appellant, no one can accuse him of wanting in persistency. This is the fifth time this controversy, in some of its forms, has been before this court. See *Severson v. Kock,* 159 Iowa 343; *Kock v. Burgess,* 167 Iowa 727; *Kock v. Burgess,* 176 Iowa 493; *Kock v. Burgess,* (Iowa) 166 N. W. 275 (not officially reported).

The last of these cases, *Kock v. Burgess,* 166 N. W. 275, was decided by this court on February 8, 1918. In that action, the plaintiff alleged that, on December 1, 1912, he was the owner

of certain lots in Sioux City, known as the "Reinhart Flats," which were subject to a mortgage of $25,000 to one Beyer and a second mortgage of $15,000 to one Chamberlin. He alleged that, on December 28, 1912, $10,000 remained unpaid on the second mortgage, and that said mortgage had been assigned to one Hutchins. He alleged that foreclosure proceedings were begun thereon, and a receiver was appointed, and, under order of the court, the defendant Burgess was retained as counsel for the said receiver, and acted as such; that a decree of foreclosure was entered, January 22, 1910, and the property sold the following March, and certificate of sale was issued by the sheriff to said Hutchins. The petition further alleged that, in January, 1911, while acting as attorney for the receiver in said mortgage foreclosure, the defendant, Burgess, fraudulently purchased of Hutchins the sheriff's certificate of sale. It was alleged that thereafter the plaintiff, Kock, entered into a written contract with one Severson, who agreed to redeem the property from the second mortgage foreclosure sale. It was alleged in the petition that the defendant made statements to the said Severson fraudulently, which induced and persuaded Severson not to redeem the property from said second mortgage foreclosure, and that thereby the defendant was enabled to obtain a deed to the property for himself. It was also alleged in said petition in said cause that, when Severson requested the defendant to assign to him the sheriff's certificate of sale, and take the money due on the second mortgage foreclosure, the defendant was acting for the receiver, and also for himself. It was alleged, also, that the defendant, while acting as attorney for the receiver in said foreclosure action, wrongly obtained from the sheriff a deed to the property in his own name, under the assignment of the certificate of sale from Hutchins, and became the owner of the property in trust for the plaintiff. The plaintiff alleged, also, that he did not learn until long afterwards of the deception perpetrated upon Severson and of the refusal to transfer the certificate of sale to him, or the taking of the deed by the defendant; and it was alleged that the defendant had since sold the property, and that the plaintiff's interest therein was worth $12,750, and that the defendant took the sheriff's deed in trust for the plaintiff's interest in said prop-

erty, and, in selling the same, disposed of the plaintiff's share at a profit of $12,750. Plaintiff prayed for an accounting and judgment for whatever balance was owing him. A general equitable demurrer was sustained, and, on appeal to this court, the case was affirmed.

In passing upon the case, this court said in the opinion:

"The only remaining contention is that defendant, in acquiring an assignment of the certificate of sale and obtaining a sheriff's deed, so did as trustee for defendant. This contention was disposed of in *Kock v. Burgess*, 176 Iowa 493. See same parties, 167 Iowa 727, and *Severson v. Kock*, 159 Iowa 343. The defendant was attorney for the receiver, and not otherwise, and in no manner connected with the foreclosure proceedings as attorney; and, under the ruling of the case first cited, did not violate his obligations as attorney for the receiver by acquiring the certificate of sale and deed. It would seem plaintiff has had his day in court on the several issues submitted in the different cases, and, as a cause of action was not pleaded, the decree is affirmed."

No petition for a rehearing was filed. More than a year after said opinion had been filed, June 19, 1918, the plaintiff filed in the district court of Woodbury County the petition in this case. The allegations of the petition in regard to the transaction complained of are substantially as set forth in the petition filed in the case reported in 166 N. W. 275, with certain additions, to be hereinafter noted. In said petition, the plaintiff alleged his ownership of the property and the outstanding mortgages; the assignment of the second mortgage to Hutchins; the appointment of the receiver; the foreclosure of said mortgage; the appointment of the defendant as attorney for the receiver; the assignment of the sheriff's certificate to the defendant; the fact that the plaintiff transferred his interest in said premises to Severson, under a contract by which Severson was to redeem the property from the second mortgage foreclosure; the attempt of said Severson to redeem through the clerk's office, which is alleged to have been unavailing; the refusal of the defendant to accept the money on said redemption from Severson; and that the defendant made certain representations to Severson regarding his rights to redeem, which representa-

tions, it is alleged, were false. It is also alleged that the interest of the plaintiff in said property was of the value of $12,750.

The foregoing portions of the petition are substantially in accord with the allegations of the petition in the case reported in 166 N. W. 275. In addition thereto, it is alleged that, in January, 1916, the plaintiff filed his said former petition in equity, alleging said facts and the alleged false statements, bad faith, and fraud of the defendant, and that the defendant had obtained the sheriff's deed of the property, and had since sold the same, and refuses to account to the plaintiff therefor.

It is also alleged that the defendant demurred to the plaintiff's petition in said action, and that said demurrer was sustained by the district court, and that the plaintiff appealed to the Supreme Court of Iowa, and that said court, on February 8, 1918, "with all the record before it, affirmed the decision of the district court." It is then alleged:

"That the Supreme Court of Iowa, in its judgment affirming the judgment of the district court on February 8, 1918, by no fault or neglect of the plaintiff, omitted to pass on, consider, decide, and determine on the merits the rights of plaintiff and defendant as mortgagor and mortgagee in the foreclosure and redemption of said $10,000 mortgage and the sheriff's deed issued to defendant thereunder and the sale of the property by defendant and the proceeds received therefrom, admitted to be directly in issue by defendant's demurrer, although the rights of plaintiff as mortgagor was urged by plaintiff in his written brief and argument before said court. That said decision of the Supreme Court was not a decision on the merits, and not a declaration of the law as to the respective rights and duties of the plaintiff and defendant as mortgagor and mortgagee, based on the ultimate facts disclosed by the pleadings, irrespective of formal, technical, and dilatory objections. That the Supreme Court of Iowa, in its decision in this cause on February 8, 1918, from no fault or neglect of the plaintiff, omitted to pass on, consider, decide, and determine on the merits, although admitted by the demurrer and directly in issue and urged in argument by the plaintiff, the bad faith and false statements of the defendant as mortgagee to Severson, after he purchased the certificate from Frank B. Hutchins, on January 30, 1911, that

prevented the redemption of the property from the second mortgage, and enabled the defendant to obtain a sheriff's deed for the property on said certificate, to wit: 'The statements of defendant to Severson were false, and the defendant knew they were false, and he made them to deceive Severson and to cause him not to redeem said property from the second mortgage sale, and enabled the defendant to obtain a deed for the property for himself on the certificate of sale he had purchased as aforesaid,' and 'Severson believed said statements of defendant were true, relied upon them, and was induced and persuaded by them not to redeem the property from the second mortgage foreclosure.' "

It is also alleged:

"And the Supreme Court, in its decision on February 8, 1918, through no fault or neglect of plaintiff, omitted to pass on, consider, decide, and determine the rights and duties of the parties as mortgagor and mortgagee, based on the ultimate facts disclosed in the pleadings, and omitted to pass on and consider the above false and bad-faith statements of the defendant as mortgagee, that prevented the redemption of the property from the foreclosure sale under said second mortgage, and which enabled the defendant to obtain a deed from the sheriff under the foreclosure of his said second mortgage."

The prayer of the petition is, in substance, the same as the prayer in the petition in the case reported in 166 N. W. 275.

The demurrer was a general equitable demurrer, and also pleaded that the cause of action was barred by the statute of limitations.

The plaintiff in this action strenuously contends that the demurrer should have been overruled, and that the plaintiff has a right to maintain this action, because this court, in deciding the case reported in 166 N. W. 275, through no fault of the plaintiff, failed to pass on and consider the alleged fraud of the defendant as a *mortgagee.* The plaintiff says in argument, referring to said former action:

"The plaintiff set out in his proceedings and urged in his written brief to the court the fraud of the defendant as mortgagee. That was one of the issues."

He also said:

"The plaintiff submitted two issues for the court to decide:

The fraud of the defendant as attorney for the receiver and the fraud of the defendant as mortgagee. The Supreme Court of Iowa, on February 8, 1918, passed on the fraud of defendant as attorney for the receiver, and omitted to pass on the fraud of the defendant as mortgagee.''

It is further said:

''The judgment of this court on February 8, 1918, is silent as to the rights and duties of the plaintiff and defendant as mortgagor and mortgagee. The court omitted to pass on, consider, decide, and determine those rights and duties. Those rights were set out in the petition and urged in argument by plaintiff in the court, and the defendant's demurrer herein admits it.''

It is further said:

''The fraud of the defendant as mortgagee was directly in issue, and was not determined by the court in *Kock v. Burgess,* 166 N. W. 275.''

As we understand it, plaintiff's contention is that, in the former action, he sought to recover from the defendant on the identical state of facts pleaded in the petition in the instant case. His claim is that he sought to charge the defendant on said state of facts in a dual capacity, as attorney for the receiver and as mortgagee. It is his contention that the defendant made the statements charged, and did the acts and things claimed to be fraudulent, acting in this dual capacity, and that plaintiff so charged in the petition in the former action. A demurrer to that petition was sustained, and, on appeal, as before stated, the action of the lower court was affirmed. More than a year later, this action was brought, predicated on the contention that this court, in deciding the appeal in the former case, based its decision on the fact that the defendant was not liable, under the facts pleaded, as attorney for the receiver, but did not specifically hold and decide that, under the said state of facts, he was not liable as mortgagee; and therefore this suit was brought to charge him, *under the same state of facts,* with liability as mortgagee.

We think plaintiff's counsel misapprehends the force and effect of the decision by this court. The question now presented was squarely in issue in the former case. Plaintiff so pleads.

That question was determined by the lower court by the sustaining of the demurrer to the plaintiff's petition, and it was necessarily determined by this court in the affirmance of the decision of the lower court. Counsel for plaintiff misapprehends the functions of an opinion filed in this court. It does not necessarily follow that, because the opinion may fail to specifically discuss and comment upon some phase of the matters involved in the case, such matters are not determined and adjudicated by the decision announced. In the instant case, if it can fairly be said that the opinion filed by this court did not discuss the alleged liability of the defendant as mortgagee, as distinct from his liability as attorney under the same state of facts, it does not necessarily follow therefrom that this court did not consider, pass upon, and determine the question of his liability in both capacities. In fact, that is precisely what the affirmance of the case required, and what the affirmance of the case, in fact, did. The sustaining of a general equitable demurrer is a holding that no cause of action was pleaded.

Furthermore, plaintiff's counsel misapprehends the opinion that was filed in said cause, for therein this court declared:

"It would seem plaintiff has had his day in court *on the several issues submitted in the different cases, and as a cause of action was not pleaded,* the decree.is affirmed."

This court, therefore, passed upon "the several issues submitted," and the court held that "a cause of action was not pleaded" in the petition in said cause. This is a direct, full, complete, and conclusive pronouncement on the issues involved in the former case, which the petition in this action admits are the identical issues now presented in this cause. Further comment and discussion seem wholly unnecessary.

The action of the lower court in sustaining the demurrer to the plaintiff's petition was correct, and said action is—*Affirmed.*

Evans, C. J., Stevens and Arthur, JJ., concur.